REQUESTED BY: H. Erwin, Executive Secretary, Board of Educational Lands and Funds.
May the Board of Educational Lands and Funds employ and pay for the services of a lobbyist to act in the Board's behalf?
Yes, on a case-by-case basis, subject to a requirement of reasonableness.
There is no question that the public school lands were received and are held in trust by the State of Nebraska solely for the benefit of the common schools of the State of Nebraska, and subject to administration by the State of Nebraska Board of Educational Lands and Funds.
The significance, of course, in designating public school lands as a trust in the Constitution is that such designation `has the effect of incorporating into the constitutional provisions the rules of law regulating the administration of trusts and the conduct and duties of trustees.' State ex rel. Belker v. Board of EducationalLands and Funds, 184 Neb. 621, 171 N.W.2d 156.
As a consequence of incorporating into the Constitution the trustee provisions as provided in Belker, supra, the board is properly directed to Neb.Rev.Stat. § 30-2813 (Reissue 1979) and § 30-2821 (1981 Supp.) as further definition of its powers and duties with regard to school lands.
Section 30-2813 provides that the `trustee in this case, the Board shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another. . .'
Section 30-2821 provides, in part, that `a trustee has the power to perform, without court authorization, everyact which a prudent person would perform for the purposes of the trust including, but not limited to . . .' the powers specifically enumerated in subsection 2 of that section. (emphasis added.)
While neither § 30-2813 nor § 30-2821 specifically allow a trustee to employ a lobbyist, the `prudent man' language of either section would properly apply to allow such employment where that employment was in the best interest of the trust.
In the case of Cosden v. Mercantile Safe-Deposit andTrust Company, 398 A.2d 460 (Md. 1979), the trustee (a corporation) was responsible for the administration of certain real property which might have suffered a decrease of value in the amount of $650,000 in the event of passage of certain state legislation. Given the possible adverse effect of the legislation, the trustee fought the passage of the bill through the services of a highly regarded lobbyist hired for that specific purpose.
While the hiring of the lobbyist was not a major issue in the case, the court said of the trustee's discretionary action in hiring the lobbyist that `sound judgment was exercised. The trustee was not only diligent, the trustee was aggressive . . . in the legislature' to prevent potential loss to the trust.
Of course, the discretion placed in a trustee regarding what action is `prudent', or reasonable, must be determined on a case-by-case basis, `in light of the trust purposes, and of the circumstances in which the discretion is to be exercised.' In re Estate of Vohland, 135 Neb. 77,280 N.W. 241 (1938) citing, Rollins v. Helvering, 92 F.2d 390
(1937).
Yours truly, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General